**UNITED STATES of America,
Appellee,**

v.

**Shannon SMITH, Defendant–Appellant.**

**No. 06–2815–cr.**

United States Court of Appeals,
Second Circuit.

Jan. 24, 2008.

Marsha R. Taubenhaus, New York, NY, for Appellant.

Paul J. Van de Graaf, Assistant United States Attorney (Thomas D. Anderson, United States Attorney, on the brief; Gregory L. Waples, Assistant United States Attorney, John M. Conroy, Assistant United States Attorney, of counsel), United States Attorney's Office for the District of Vermont, Burlington, VT, for Appellee.

PRESENT: AMALYA L. KEARSE, PIERRE N. LEVAL, JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

A jury convicted defendant-appellant Shannon Smith of various crack cocaine offenses. The District Court sentenced Smith principally to 188 months' imprisonment. On appeal, Smith contends, *inter alia,* that his conviction should be reversed because (1) the proceedings in his case violated the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.,* necessitating dismissal of the indictment that charged him with his offenses of conviction; and (2) the District Court incorrectly denied Smith's motion for a mistrial after Smith's co-defendant, Samuel Herbin, attacked Herbin's trial counsel in front of the jury. In addition, Smith contends that the sentence imposed on him "was unreasonable because it failed to take into account the effect of the disparity in sentences between crack and powder cocaine." Appellant's Br. 39–40. Following the parties' submission of their briefs on appeal, the United States Supreme Court decided *Kimbrough v. United States,* — U.S. ——, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), and *Gall v. United States,* — U.S. ——, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), and this Court direct-

ed the parties to make supplemental submissions addressing the question of how, if at all, those decisions affect Smith's contention that his sentence was unreasonable. In response, Smith's supplemental letter argued that *Kimbrough* supports his sentencing challenge; the government's supplemental letter agreed that *Kimbrough* requires that Smith's sentence be vacated and that the case be remanded so that he can be resentenced. We assume the parties' familiarity with the facts, the issues on appeal, and the procedural history of this case.

Having concluded that Smith's Speedy Trial Act and mistrial claims are entirely without merit, we affirm his conviction. We do, however, find merit in Smith's request for his case to be remanded for resentencing.

Prior to sentencing by Judge Murtha, Smith's counsel asked the District Court to take into account, when imposing sentence, the disparities between the Guidelines-recommended sentences for crack and powder cocaine offenses. At sentencing, Smith asked the District Court to "thoughtfully and carefully sentence [Smith] under the powder cocaine guideline instead of the crack slash cocaine base guideline." Special Appendix 136. The sentencing judge, in response, noted that he found it "inappropriate that the penalties are a hundred times more for crack than they are for powder" but rejected Smith's position on the basis that these disparate penalties represented "what Congress has said should apply." *Id.*

Smith contends that a remand for resentencing is required because "the record gives no indication whether or not the sentencing court would have deviated from the Guidelines had it been aware of its discretion to do so based solely on the crack/powder cocaine disparity." Smith Letter Br. 4. The Government likewise takes the position that "Smith's sentence should be vacated and the case remanded so that he can be resentenced . . . in light of *Kimbrough*." Gov't Letter Br. 1–2.

We agree. Accordingly, without intimating any view on the reasonableness *vel non* of the sentence imposed by the District Court, we remand this case to the District Court for plenary reconsideration of the sentence imposed in accordance with the Supreme Court's recent decisions, *Kimbrough v. United States,* —— U.S. ——, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), and *Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

The mandate shall issue forthwith.